IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of CLEVELAND CONSTRUCTION, INC., | * * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:16-CV-179(CDL) |
| STELLAR GROUP, INC. and LIBERTY MUTUAL INSURANCE COMPANY, | * * | |
| Defendants. | * | |

O R D E R

Cleveland Construction, Inc. ("Cleveland") provided labor and materials on a construction project pursuant to a subcontract with Stellar Group, Inc. ("Stellar"), the general contractor for the project. Stellar, blaming Cleveland for delays in the project, has not paid Cleveland all that Cleveland claims it is owed. Cleveland brings this action to recover amounts owed under its subcontract with Stellar. Stellar counterclaims for damages allegedly caused by Cleveland's delays.

Cleveland denies that it is responsible for the delays in the project, and it seeks to obtain discovery of communications, including those related to settlement discussions, between Stellar and VOA Associates ("VOA"), the architectural firm for the project. Cleveland maintains that the communications are

1

relevant because they would quantify Stellar's delay claim against VOA, thereby undermining the credibility of Stellar's delay-related counterclaim against Cleveland. Stellar seeks a protective order preventing the disclosure of those communications. Even though the settlement discussions were between Stellar and a third party who is not a party to this action, Stellar argues that those settlement negotiations are nevertheless not discoverable. For the reasons explained in the remainder of this Order, Stellar's motion (ECF No. 52) is denied.

DISCUSSION

The resolution of the pending motion is straightforward. Federal Rule of Civil Procedure 26(b)(1) clearly describes the scope of discovery in federal courts: "Parties may obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Proportionality is not an issue here, and therefore, the resolution of the pending motion depends upon whether the information sought is "nonprivileged" and "relevant."

According to the Federal Rules of Evidence, "[t]he common law—as interpreted by United States courts in the light of reason and experience—[generally] governs a claim of privilege." Fed. R. Evid. 501. "But in a civil case, state law governs

privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* Stellar has pointed the Court to no Eleventh Circuit Court of Appeals decision or Georgia appellate decision recognizing a privilege for settlement communications between a party and a non-party. Instead, Stellar argues that the communications should be protected based upon the principles underlying Federal Rule of Evidence 408. Rule 408 governs whether evidence is admissible at trial, not whether it is privileged in discovery. Moreover, the evidence that Cleveland seeks to discover would likely not be excluded under Rule 408. Rule 408 contemplates that the compromise offers and negotiations that would not be admissible relate to the disputed claim between the parties to the action, not a disputed claim between one party to the action and a non-party.

The Court acknowledges that at least one Circuit has recognized a "settlement negotiation privilege." *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-81 (6th Cir. 2003) ("The public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist . . . ."). But others have not. *See In re MSTG, Inc.*, 675 F.3d 1337, 1342-48 (Fed. Cir. 2012) (declining to recognize such a privilege for

3

a patent holder's settlements with other alleged infringers); *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979) (declining to recognize such a privilege). In light of the absence of any indication from the Eleventh Circuit Court of Appeals or any Georgia appellate court that such a "settlement privilege" exists in this Circuit, the Court declines to invent one for this case. Accordingly, the Court finds that the discovery sought by Cleveland is "nonprivileged."

The next question is whether the information Cleveland seeks is relevant to any of the issues in the case. A matter is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact "is of consequence in determining the action." Fed. R. Evid. 401(a) & (b). The information sought by Cleveland is clearly relevant to Cleveland's defense to Stellar's counterclaim. Stellar contends that the project was delayed 237 days, and that Cleveland is responsible for 224 days of delay. If Stellar and/or its expert has maintained elsewhere that other parties are responsible for more than 13 days of delay, then that evidence would be probative on the issue of whether Cleveland is in fact responsible for the amount of delay that Stellar claims.[1]

---

[1] Stellar argues that the Court should use a heightened "particularized relevancy" standard in evaluating whether the information sought is

4

CONCLUSION

Finding that Cleveland seeks discovery of nonprivileged matters that are relevant to a claim or defense in this action, the Court denies Stellar's Second Corrected Motion for Protective Order (ECF No. 52).[2]

IT IS SO ORDERED, this 23rd day of October, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

discoverable. The Court finds no support for a two-tiered relevancy framework under Rule 26. If the information is not subject to a privilege, which the Court has concluded it is not, then the traditional relevancy standard should apply.
[2] As previously noted, Stellar makes no argument that the discovery should be prohibited on proportionality grounds.

5