IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA, for
the use and benefit of
CLEVELAND CONSTRUCTION, INC.,

    Plaintiff,

vs.

CASE NO. 4:16-CV-179 (CDL)

STELLAR GROUP, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

    Defendants.

O R D E R

This action arises from a construction project on Fort Benning. In December 2010, Defendant Stellar Group, Inc. ("Stellar") contracted with the Army to construct a short-term lodging facility on Fort Benning. Stellar subcontracted with Plaintiff Cleveland Construction, Inc. ("Cleveland") to provide certain construction services for the project. The project was delayed by almost a year. Both parties sued the other for damages arising from the delay. The trial of this action is scheduled to begin on Monday, October 15, 2018. The present issue is what law shall apply at trial.[1]

---

[1] For additional background, see the Court's order granting in part and denying in part the parties' cross motions for summary judgment. *See* Order (Feb. 28, 2018), ECF No. 84.

1

The parties' subcontract contains a choice-of-law provision. That provision states: "Federal law shall govern the construction, interpretation, enforcement and all other matters relating to this Subcontract." Compl. Ex. A, Subcontract 7, § 12, ECF No. 1-2. The parties dispute what "federal" means. Cleveland contends that "federal" law means the "body of uniform federal common law of contracts that is applied between the federal government and its citizens." Pl.'s Resp. in Opp. to Def.'s Mem. 3, ECF No. 105. Cleveland submitted proposed jury instructions reflecting this understanding of federal law. Those instructions rely primarily on cases from the Federal Circuit, the Federal Courts of Claims, and various government contract review boards. *See, e.g., Appeal of the Clarke Constr. Grp., Inc.*, GAOCAB No. 2003-1, 2014 WL 5462234 (2004) (Government Accountability Office Contract Appeals Board decision setting forth exceptions to no damages for delay provision enforceability); *Fomby-Denson v. Dep't of Army*, 247 F.3d 1366 (Fed. Cir. 2001) (explaining that "principles of general contract law, which be[came] federal common law" govern the construction of settlement agreement between Army and former employee); *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1008-11 (Fed. Cir. 2015) (applying federal common law in contract dispute between general contractor and Coast Guard); *Begner v. United States*, 428 F.3d 998, 1004 (11th Cir. 2005) ("Federal courts use federal common law to evaluate government contracts."); *see*

*also Interface Kanner, LLC v. JP Morgan Chase Bank, N.A.*, 704 F.3d 927, 931-32 (11th Cir. 2013) (concluding that choice of law provision in purchase and assumption agreement specifying "federal" law required application of federal common law to determine whether plaintiff was intended third party beneficiary).

Stellar, however, argues that because the Court's jurisdiction over the parties' contract claims is based on diversity, the *Erie* doctrine applies. Accordingly, Stellar contends that Georgia law should apply. But this argument ignores the unambiguous choice of law provision in the subcontract, which Stellar drafted. Further, *Erie* requires this Court to apply Georgia's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941). And Georgia courts generally enforce choice-of-law provisions unless the application of different law would contravene public policy. *See Becham v. Synthes USA*, 482 F. App'x 387, 390-91 (11th Cir. 2012) (per curiam). Stellar did not point to any public policy reasons against enforcing the clause here.

Additionally, if Stellar intended Georgia law (or any other state's law) to apply, it should have said so. Instead, the subcontract specified "federal" law. Stellar is a general contractor with experience in federal public contracting. And the parties entered the subcontract in the context of a large-scale Army construction project. The parties would certainly be expected

to know what the contract means by "federal law." Accordingly, to the extent that federal common law exists regarding the legal issues presented, then that law shall apply.[2]

IT IS SO ORDERED, this 28th day of September, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Both parties submitted proposed jury charges, but only Cleveland's relied on federal law. Stellar shall thus have until October 10, 2018 to submit another version of its proposed charges that relies on federal law instead of Georgia law.