IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of CLEVELAND CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STELLAR GROUP, INC. and LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendants. | * <br> * <br> * <br> * <br> *    CASE NO. 4:16-CV-179 (CDL) <br> * <br> * <br> * <br> * |

O R D E R

Presently pending before the Court are Cleveland Construction, Inc.'s ("Cleveland") motion to alter the judgment (ECF No. 197) and bill of costs (ECF No. 198) and Stellar Group, Inc.'s ("Stellar") renewed motions for attorneys' fees (ECF No. 210) and costs (ECF No. 211).[1]  Cleveland's motion seeks to add prejudgment interest to the judgment.  Stellar has no objection to that request.  Accordingly, Cleveland's motion to alter the judgment is granted, and the judgment shall be amended such that in addition to the amount in the previous judgment, Cleveland shall recover an additional $83,001.16 in prejudgment interest.  The Court further finds that for purposes of recovering its costs pursuant to Rule 54(d)(1), Cleveland is deemed the prevailing

---

[1] Stellar seeks costs pursuant to its contract with Cleveland and not under Federal Rule of Civil Procedure 54(d)(1).

1

party. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).") (quoting *Untied States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978))). Moreover, Stellar did not object to Cleveland's bill of costs seeking $24,704.37. Accordingly, Cleveland's bill of costs seeking $24,704.37 is granted and that amount shall also be added to the judgment.

The resolution of Stellar's motions requires more explanation. The Court's interpretation of the provision in the parties' Subcontract that authorizes the recovery of attorneys' fees and costs by Stellar differs from Stellar's interpretation. *See* Order 6 (Jan. 28, 2019), ECF No. 207 (attached as Appendix A for ease of reference) (permitting Stellar to recover "attorneys' fees that it can demonstrate arise from its successful enforcement of the Subcontract and/or successful pursuit of remedies for a default); *id*. at 7 n.3 (instructing Stellar to similarly reconstruct its cost claim). At least for now, Stellar is stuck with the Court's interpretation. The Court notified the parties of its interpretation and provided Stellar with the opportunity to reformulate its motions to comply with the Court's interpretation of the Subcontract. Stellar's response in effect acknowledges that in light of the general jury verdict, it cannot establish its attorneys' fees claim under the Court's interpretation of the

2

contract.  And it made no effort to amend its motion for costs. Given this failure to carry its burden of establishing its entitlement to attorneys' fees or costs under the Subcontract, the Court must deny Stellar's motions.  The Court understands that the general verdict apparently impedes Stellar's ability to make the requisite showing, but Stellar is at least partially the author of its own misfortune given that it had an opportunity to object to the verdict form but did not do so.  Stellar's renewed motions for attorneys' fees (ECF No. 210) and costs (ECF No. 211) are denied.

The Clerk shall enter an amended judgment in favor of Cleveland and against Stellar in the total amount of $1,288,765.53, which consists of the original judgment plus prejudgment interest and costs.

IT IS SO ORDERED, this 3rd day of April, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA